**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DESERT PALACE, INC., d/b/a CAESARS PALACE, )
)
        Plaintiff, )  Case No. 2:16-cv-00462-JAD-GWF
)
vs. )  **ORDER**
)
ANDREW P. MICHAEL, )
)
        Defendant. )

This matter is before the Court on Plaintiff's Motion for Leave to File Its Reply to Its Partial Motion for Summary Judgment Under Seal (ECF No. 47), filed on January 6, 2017. Defendant did not file a response.

The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). There, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions. The *Kamakana* court held that a "good cause" showing is sufficient to seal documents produced during discovery. *Id.* at 1180. However, the *Kamakana* decision also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. A showing of "good cause" does not, without more, satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to dispositive motions. *Id.* The court found that:

> Different interests are at stake with the right of access than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. (Citation

> omitted). This fact sharply tips the balance in favor of production when a document formally sealed for good cause under Rule 26(c) becomes part of the judicial record. Thus, a "good cause" showing alone will not suffice to fulfill the "compelling reasons" standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments.

*Id. Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in disclosure and justify sealing records exist when court records may be used to gratify private spite, permit public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (internal quotations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*, *citing*, *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 1995). To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy *and* show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process. *Id.* at 1181 (internal citations and quotations omitted).

      Plaintiff's motion incorrectly presumes that a reply brief to a motion for summary judgment merely needs to meet the "good cause" standard for sealing it and/or exhibits attached to it. However, the proper standard that the Court will apply is the "compelling reasons" standard set forth in *Kamakana*. In support of its request, Plaintiff seeks to seal its Reply because it "cites and quotes from confidential documents including Exhibits 12 and 13, which contain information about defendant's gaming activities, credit, related financial information, and related commercially sensitive customer/business information." As discussed in this Court's Order (ECF No. 34), this is generally not a sufficient showing of "compelling reasons" that would justify an order sealing the requested documents.[1] However, much like the Court found in its prior order, a review of the Reply along with Exhibits 12 and 13 attached thereto, demonstrates that an order from the Court sealing their contents is warranted because the information appears to be trade secrets or confidential proprietary information. Accordingly,

---

[1] This is however enough to meet the "good cause" standard as discussed in this Court's Order (ECF No. 57).

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Its Reply to Its Partial Motion for Summary Judgment Under Seal (ECF No. 47) is **granted**.

DATED this 24th day of January, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge