# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DESERT PALACE, INC., d/b/a CAESARS PALACE, | |
| Plaintiff, | Case No. 2:16-cv-00462-JAD-GWF |
| vs. | **ORDER** |
| ANDREW P. MICHAEL, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Leave to File Under Seal Exhibits 2, 3, 5, 6 and 7 to its Motion for Summary Judgment (ECF No. 64), filed on February 28, 2017. To date, Defendant has not filed an opposition to this motion and the time for opposition has now expired.

The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). There, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions. The *Kamakana* court held that a "good cause" showing is sufficient to seal documents produced during discovery. *Id.* at 1180. However, the *Kamakana* decision also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. A showing of "good cause" does not, without more, satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to dispositive motions. *Id.* The court found that:

> Different interests are at stake with the right of access than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. (Citation

>omitted).  This fact sharply tips the balance in favor of production when a document formally sealed for good cause under Rule 26(c) becomes part of the judicial record.  Thus, a "good cause" showing alone will not suffice to fulfill the "compelling reasons" standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments.

*Id. Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in disclosure and justify sealing records exist when court records may be used to gratify private spite, permit public scandal, circulate libelous statements, or release trade secrets.  *Id.* at 1179 (internal quotations omitted).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Id.*, *citing*, *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 1995).  To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy *and* show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process.  *Id.* at 1181 (internal citations and quotations omitted).

Plaintiff's motion incorrectly applies the lesser "good cause" standard to its request to seal Exhibits 2, 3, 5, 6, and 7.  Plaintiff is attaching these exhibits to its motion for summary judgment—a dispositive motion.  Therefore, the proper standard to apply here is the higher "compelling reasons" standard set forth in *Kamakana*.  However, because the Court has already found compelling reasons to warrant the sealing of Exhibits 2, 3, 5, 6 and 7, it will grant Plaintiff's request despite Plaintiff's error.  *See* Orders (ECF Nos. 34 and 58).  Plaintiff is cautioned that if it intends to move for additional documents to be filed under seal it must utilize the proper standard.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Under Seal Exhibits 2, 3, 5, 6 and 7 to its Motion for Summary Judgment (ECF No. 64) is **granted**.

DATED this 15th day of March, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge