**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DESERT PALACE, INC., d/b/a CAESARS PALACE,

        Plaintiff,

vs.

ANDREW P. MICHAEL,

        Defendant.

Case No. 2:16-cv-00462-JAD-GWF

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Discovery Sanctions (ECF No. 124), filed on November 27, 2017. Defendant filed an Opposition (ECF No. 132) on December 11, 2017 and Plaintiff filed a Reply (ECF No. 134) on December 18, 2017.

**BACKGROUND**

Following the District Judge's June 22, 2017 Order (ECF No. 77) granting summary judgment in Plaintiff's favor on its breach of contract claim, the Court reopened discovery. *See* Scheduling Order (ECF No. 87). Thereafter, Plaintiff served Defendant with an amended notice of deposition, which was to take place in Las Vegas, Nevada on October 20, 2017. This was Plaintiff's second attempt at deposing Defendant Michael, who had failed to appear at a previously scheduled deposition on December 13, 2016. *See* Motion to Compel (ECF No. 44).

In response to the amended notice of deposition, Defendant Michael filed a motion for protective order on September 29, 2017. *See* ECF No. 111. The Court held a hearing on Defendant's motion on October 16, 2017 and denied the same. Based on the Court's ruling, Plaintiff proceeded with the October 20, 2017 deposition date. Defendant Michael again failed to appear. As a result, Plaintiff now seeks sanctions against Defendant for his failure to appear at the October 20, 2017 and December 13, 2016 depositions. Plaintiff argues that Defendant's conduct has prevented it from

obtaining testimony from Defendant that would support its claims against him and has caused Plaintiff to incur unnecessary attorney's fees and costs associated with the depositions and related motion practice. *Motion for Sanctions* (ECF No. 124), 4.

## **DISCUSSION**

Rule 37(b) of the Federal Rules of Civil Procedure provides the court with a wide range of sanctions for a party's failure to adequately engage in discovery or comply with discovery orders. "The Rule provides a panoply of sanctions, from the imposition of costs to entry of default." *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C.), aff'd, 166 F.R.D. 367 (M.D.N.C. 1996). "Discovery sanctions serve the objectives of discovery by correcting for the adverse effects of discovery violations and deterring future discovery violations from occurring." *Taylor v. Illinois*, 484 U.S. 400, 425 (1988). The Ninth Circuit reviews a district court's sanction order under an abuse of discretion standard. *Sigliano v. Mendoza*, 642 F.2d 309 (9th Cir. 1981); *See also United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980); *David v. Hooker, Ltd.*, 560 F.2d 412, 418-19 (9th Cir. 1977); 6 J. Moore, Federal Practice s 37.08 (2d ed. 1976). Thus, the district court has great latitude in imposing sanctions under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425–26 (9th Cir. 1985).

Rule 37(d)(1) specifically authorizes a court to issue sanctions when a party or its representative, or a person designated under Rule 30(b)(6) or 31(a)(4), fails to appear for that person's deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Such sanctions may include (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims, (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence, and (iii) ordering the disobedient party to pay the reasonable expenses (including attorney fees) caused by the party's failure to appear. *See* Fed. R. Civ. P. 37(d)(3). The sanctions must, however, bear a reasonable relationship to the subject of discovery that was frustrated by the sanctionable conduct. *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir.2001), *cert. denied sub nom., McLachlan v. Simon*, 536 U.S. 941, 122 S.Ct. 2623, 153 L.Ed.2d 806 (2002). Such sanctions "are appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the

party.'" *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir.), *cert. denied*, 537 U.S. 1018, 123 S.Ct. 536, 154 L.Ed.2d 425 (2002) (citations omitted); *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir.2004) (per curiam). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1233 (9th Cir.2006) (citations omitted).

Further, in deciding whether to grant a motion for sanctions under Rule 37(b)(2)(A) for noncompliance with discovery, the Court should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir.2002); *Computer Task Group, Inc.*, 364 F.3d at 1115. "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir.1997); *Computer Task Group, Inc.*, 364 F.3d at 1115.

Plaintiff seeks the following sanction order against Defendant Michael based on his failure to appear for two scheduled depositions:

> (1) ordering facts as established that Defendant Michael did not have funds sufficient to cover the credit advances that he requested and received from Caesars on September 20-21, 2014, the detail of such facts which constitute fraud upon Caesars;
>
> (2) prohibiting Defendant Michael from supporting his defenses to or opposing Caesars' fraud claim or from introducing any evidence to oppose Caesars' fraud claim; and
>
> (3) awarding Caesars' its reasonable expenses (including attorneys' fees) for two depositions where Defendant Michael failed to appear, as well as the need to file two (2) discovery motions related to such failures.

*Motion* (ECF No. 124), at 3:9-17. Defendant argues that these essentially dispositive sanctions are not warranted. Specifically, Defendant argues that at the time of the October 20, 2017 deposition he had filed an appeal of the District Court's Order (ECF No. 77), which acted as a stay of this case even though the appeal was later dismissed for want of jurisdiction. *Opposition* (ECF No. 132), 3. Defendant also argues that such sanctions are inappropriate because any prejudice to Plaintiff has

3

been minimal and because less drastic monetary sanctions are available at this time, which would avoid "rushing to judgment."

Upon balancing the five factors discussed above, the Court finds that the evidentiary and monetary sanctions requested by Plaintiff are warranted. Over the course of what is becoming very protracted litigation, Defendant Michael has consistently failed to abide by Court orders and participate in discovery.[1] Defendant failed to appear for or object to a duly noticed deposition in December 2016; has failed to comply with the District Court's order directing him to specifically perform under the Credit Agreement and execute a credit instrument; and failed to appear for the duly noticed deposition on October 20, 2017 despite the Court's order to do so. Because of Defendant's continued dilatory and what can only be defined as bad faith conduct,[2] Plaintiff has been prejudiced in its ability to proceed with the merits of this litigation and has frustrated the Court's management of the docket. Given Defendant's conduct, it is also obvious to the Court that less drastic sanctions (monetary or otherwise) would be fruitless. In sum, despite the general public policy of deciding cases on the merits, Defendant's conduct justifies an order awarding Plaintiff's requested evidentiary and monetary sanctions. But because the evidentiary sanctions are effectively dispositive, the Court will make that aspect of this order a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice. Accordingly,

. . .

. . .

. . .

. . .

---

[1] The Court again rejects Defendant's "stay" argument. As discussed during the October 16, 2017 hearing on Defendant's motion for protective order, no stay was in place at the time of the deposition(s); nor is there currently a stay given Defendant's Petition for Writ of Mandamus.

[2] Defendant has argued that his physical or medical conditions have hindered his ability to participate in this case. However, Defendant has failed to produce any evidence to support his claims of such a disabling conditions that would preclude him from actively participating in this case. Without evidence, the Court will not consider Defendant's alleged conditions as an excuse for his conduct.

4

1       **IT IS HEREBY ORDERED** that Plaintiff's Motion for Discovery Sanctions (ECF No. 124)
2 is **granted** as follows:

      A)     Pursuant to Federal Rule of Civil Procedure 37(d)(3), the Court awards Caesars' its reasonable expenses (including attorneys' fees) for two depositions where Defendant Michael failed to appear, as well as the need to file two (2) discovery motions related to such failures.

      **IT IS FURTHER ORDERED** that Counsel for Plaintiff shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred by the two depositions and in the motions addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

      **IT IS FURTHER ORDERED** that Counsel for Defendant shall have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

      **IT IS FURTHER ORDERED** that Counsel for Plaintiff shall have 7 days from service of the responsive memorandum in which to file a reply.

## **RECOMMENDATION**

      **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Discovery Sanctions (ECF No. 124) be **granted** as follows:

      A)     The following facts should be deemed established for purposes of this action:

          1.     On September 20-21, 2014, Defendant Michael did not have sufficient funds to pay or satisfy a $3,000,000 credit obligation on each of the following dates:

              a.     January 12, 2014;

  b. September 12-14, 2014;

  c. September 20-22, 2014;

  d. June 22, 2017;

  e. June 28, 2017; and

  f. July 10, 2017.

 2. Defendant Michael knew that he did not have sufficient funds to pay or satisfy a $3,000,000 credit obligation on each pf the afore-mentioned dates.

 3. Despite this knowledge that he did not have sufficient funds to satisfy a $3,000,000 credit obligation, Defendant Michael induced Caesars to act by advancing him credit up to and including the sum of $3,000,000 based upon his history of gambling with Caesars and the express provisions of the credit application.

 4. Defendant Michael expressly promised that "Before drawing on my line of credit, if granted, I agree to sign credit instruments (i.e., checks) in the amount of the draw" and "If I receive an advance before I execute a credit instrument, I promptly will sign a credit instrument in the amount of the advance."

 5. Defendant Michael had no intention to sign a credit instrument or to repay the advance when he accepted the $3,000,000 credit advance in September 2014.

 6. Nevertheless and despite this lack of promissory intent, Defendant Michael did, in fact, induce Caesars to act by advancing credit in the sum of the $3,000,000 to Defendant Michael.

B) Defendant Michael should be prohibited from supporting his defenses to or opposing Caesars' fraud claim or from introducing any evidence to oppose Caesars' fraud claim.

DATED this 11th day of January, 2018.

*/s/ George Foley Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).